# EXHIBIT "A"

11/20/2017 12:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20823681
By: ALEX CASARES
Filed: 11/20/2017 12:28 PM

## No.    2017-76802

| | | |
|---|---|---|
| AMY CHARRON | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | OF HARRIS COUNTY |
| **KENNETH TROOST, HOUSTON POLICE** | § | |
| **DEPARTMENT, ART ACEVEDO, CHIEF** | § | |
| **OF POLICE, CITY OF HOUSTON,** | § | |
| **SYLVESTER TURNER, MAYOR, and** | § | |
| **UNNAMED DEFENDANTS** | § | 80th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Amy Charron, Plaintiff, complains of Kenneth Troost, Art Acevedo, Chief of Police of the Houston Police Department, the Houston Police Department, Sylvester Turner, Mayor of the City of Houston, the City of Houston, and unnamed Defendants, and for cause of action shows:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiff seeks discovery under Level 2 of Texas Rules of Civil Procedure. Plaintiff seeks damages in excess of $1,000,000.00

### B. PARTIES

2.      Amy Charron is Plaintiff in this suit.

3.      Defendant Kenneth Troost, an individual, may be served with process at

2906 Cedarville Dr., Kingwood, Texas 77345-1426, or anywhere he may be found within the State of Texas.

*Charron v. Troost, et al* Original Petition                                          1

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 1 of 10

4.      Art Acevedo, an individual and Chief of Police, may be served with process at Houston Police Department, 1200 Travis Street, Houston, Texas, 77002.[1]

5.      The Houston Police Department (hereinafter, "HPD"), a city of Houston government entity, may be served with process upon Chief Art Acevedo at 1200 Travis Street, Houston, Texas, 77002.

6.      Sylvester Turner, an individual and Mayor of the City of Houston, may be served with process at 901 Bagby St., Houston, Texas 77002.[2]

7.      The City of Houston, hereinafter "the City", a government entity, may be served with process upon Mayor Sylvester Turner at 901 Bagby St., Houston, Texas 77002.

## C. CAPACITY

8.      Defendant Troost is being sued in his individual capacity.  Defendants Acevedo and Turner are being sued in their official capacities.  At the time of the actions complained of in this suit, Defendants Troost and Acevedo were employees of HPD who acted within the course and scope of their employment, and were acting pursuant to either official policy or the custom and practice of HPD under color of law.  Defendant Turner is an employee of the City who acted within the course and scope of his employment, and was acting pursuant to either policy or custom and practice of the City under color of law.

---

[1] Chief Acevedo is successor in interest to former Chief of Police, Charles McClelland, who served in that capacity at the time of the incidents that are the subject of this suit.
[2] Mayor Turner is successor in interest to former Mayor Annise Parker, who served in that capacity at the time of the incidents that are the subject of this suit.

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 2 of 10

### D. JURISDICTION

9.      This court has jurisdiction over all Texas law claims as well as concurrent jurisdiction over based on Fourth and Fourteenth Amendments to the United States Constitution, federal civil rights law pursuant to 42 U.S.C. §1983 and 1998, and federal statutes.

### E. VENUE

10.     The acts pertinent to this lawsuit took place in Harris County during a time in which Defendant Troost was employed by Defendant HPD.  Defendant Acevedo's place of business is HPD and HPD's main office is in Harris County. Mayor Turner's place of business is the City and the main office of the City is located in Harris County.

### F. STATEMENT OF THE FACTS

11.     This is an action for money damages against the defendants named above, for violations of the Fourth and Fourteenth Amendments to the United States Constitution, federal civil rights pursuant to 42 U.S.C. §§1983 and 1988, and Texas statutory and common law.

12.     On or about November 18, 2015, Amy Charron was driving in the Montrose area of Houston when she was pulled over by Officer Troost. He told her she failed to turn her blinker on for a left turn at the light of Fairview and Montrose.  He accused her of smelling like cinnamon shots and being drunk when, in fact, she explained she had been chewing red hots.  Seeing a cup, he accused her of it being a shot of liquor but refused to smell it.  Had he smelled it he would have realized it was hot sauce.  Defendant Troost aggressively made Plaintiff perform a sobriety test. While Defendant Troost made it appear the test showed intoxication, the actual test showed she was not intoxicated.

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 3 of 10

13.     When another officer arrived at the scene Defendant Troost left Plaintiff to talk to the other officer privately.  When Defendant Troost returned to Plaintiff, Plaintiff requested to be able to talk with the other officer but was told she could not.

14.     Defendant Troost handcuffed Plaintiff and put her in his car.  Plaintiff begged him to loosen the handcuffs but he refused.  Defendant Troost drove her around and verbally abused her.  He eventually took her to the Montrose holding tank.  She again begged him to loosen the handcuffs but he refused.  Finally, a female officer heard her cries and loosened her handcuffs though doing so with apparent fear of Defendant Troost.

15.     Officer Troost claimed he was going to get a warrant to take a blood sample but Plaintiff had already said she wanted a blood test.  After blood was drawn it took hours before getting to the jail.  As she was ultimately being driven to the jail by Defendant Troost, Plaintiff feared for her life.  She was handcuffed but Defendant had not fastened her seat belt.  Laughing, he drove the car in a rough, aggressive fashion. At one point Defendant told Plaintiff she was "hot for a bitch."  The rough ride and verbally abusive language caused severe anxiety, discomfort and fear for Plaintiff.

16.     Upon arriving at the jail, Plaintiff told a female officer that Defendant Troost had been mistreating her but was told to shut up.

17.     Office Troost took Plaintiff's driver's license away.  Upon doing so, Plaintiff said she needed it.  Defendant Troost responded indicating she would not need it for the rest of her life.  Plaintiff attempted to get other help but found that no one would listen and told her simply to shut up.  When Plaintiff inquired about a board that had names on it and bonds but failed to have her name, other HPD employees refused to tell her why her name was not there.

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 4 of 10

18.     According to Defendant Troost's report, he pulled her over for failure to use a turn signal, she was driving drunk, she failed a field sobriety test, and she refused to consent to a blood test.  Troost said his dash camera failed to record the incident.

19.     Troost wrongfully reported to the Texas Department of Public Safety that Charron refused a blood test and consequently, her license was suspended for six months. In spite of being prohibited from driving for six months, she was still ordered by the judge to purchase an interlock device and she was required to submit to random alcohol and drug testing.

20.     Defendant Troost's dash cam on his vehicle  actually was activated during this incident.  The dash cam video did not support his report. Charron did not "fail to signal a lane change"

21.     Prosecutors dismissed Plaintiff's DWI case three months later.

22.     Plaintiff reasonably believes that actions taken against her are symptomatic of a much larger scale problem in the Houston Police Department, at a minimum in failure to oversee and/or train Officer Troost.  While her arrest took place in November, 2015, it has been reported that Troost's records on DWI cases were being questioned in early 2015.

23.     Reportedly hundreds of his DWI cases could have been affected by Defendant Troosts actions and/or HPD/City of Houston's actions/inactions.

24.     Defendants' actions cost Plaintiff thousands of dollars.

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 5 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 6 of 10

## G. CAUSES OF ACTION

*Count 1 Violation – Unlawful Search and Seizure*

25.     Plaintiff pleads unlawful search and seizure under the Fourth Amendment to the United States Constitution. Defendant Troost, allegedly stopped Plaintiff stating that she had failed to use a turn signal.  In fact, his dash cam video showed she had not failed to use a signal.  His stop was without probable cause.  Acting under color of state law Defendant Troost unconstitutionally searched her car.[3]  While a field test indicated she was not drunk, Defendant falsely accused her of being drunk.  Likewise acting under color of state law but without probable cause and in violation of the Fourth Amendment to the United States Constitution, Defendant Troost unlawfully seized Plaintiff, handcuffed and transported her first to a Montrose holding cell and then afterwards to a jail where she was illegally detained.[4]

*Count 2 Violation – Malicious Prosecution under Federal Law*

26.     Plaintiff incorporates the facts pled in the Statement of Facts section (para. 11-24) and alleges a §1983 cause of action for malicious prosecution under the Fourth Amendment to the U.S. Constitution. Defendant Troost initiated a criminal proceeding against Plaintiff.  That proceeding terminated in Plaintiff's favor.  There was no probable cause to support Defendant's charges.  That proceeding was instituted primarily for a purpose other than to bring Plaintiff to justice.[5]

---

[3] Another unnamed officer was present during the incident and may have participated in the unlawful search and seizure.
[4] Another or other unnamed HPD officers and/or employees may have participated in the unlawful seizure while Plaintiff was illegally detained at the holding cell and/or at the jail.
[5] Another or other unnamed HPD officers and/or employees may have participated this malicious prosecution.

*Charron v. Troost, et al* Original Petition                                                        6

### Count 3 Violation – Custom, Policy and/or Failure to Train

27.     Plaintiff incorporates the facts pled in the Statement of Facts section (para. 11-24) and alleges violations of custom, policy and/or failure to train.  "[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Municipal government officials are also persons for purposes of § 1983.  Plaintiff reasonably believes that the HPD and the City were aware of Defendant Troost's and/or other officers' unconstitutional types of actions months before the actions that are the subject of this suit.  Plaintiff alleges custom, policy and/or failure to train by HPD and/or the City allowed for these types of unconstitutional police actions and specifically the violations perpetrated against Plaintiff.

### Count 4 Violation – Due Process

28.     Plaintiff incorporates the facts pled in the Statement of Facts section (para. 11-24) and alleges violation of due process under the Fourteenth Amendment to the United States Constitution.  Plaintiff's liberty interest was violated as she was arrested and imprisoned without probable cause.  Her procedural due process rights were likewise violated as Defendant Troost lacked probable cause, failed to get an arrest warrant and forcefully handcuffed her, then transported her to the holding cell and afterward to the jail.  She was likewise detained at the jail without procedural due process.

### Count 5 Violation – False Imprisonment

29.     Plaintiff incorporates the facts pled in the Statement of Facts section (para. 11-24) and alleges violation of false imprisonment. Plaintiff Charron pleads the Texas tort

For Official Governmental Use Only - Do Not Disseminate to the Public: 7750542 - Page 7 of 10

of false imprisonment.  Plaintiff was allegedly arrested for failure to use a turn signal, and driving while intoxicated.  The officer's own web cam, which he initially said did not record the event, showed Plaintiff did not fail to use a turn signal and a toxicology report showed she was not driving while intoxicated.  Defendant Troost willfully detained Plaintiff in placing her under arrest, transporting her to a holding cell and then to jail.[6]  The detention was without Plaintiff's consent.  The detention was without legal authority or justification.

*Count 6 Violation – Malicious Criminal Prosecution under Texas Law*

30.    Plaintiff incorporates the facts pled in the Statement of Facts section (para. 11-24) and alleges violation of malicious prosecution under Texas law.  Defendant Troost and/or other unnamed HPD employees  initiated a criminal prosecution of Plaintiff for driving while intoxicated.  The prosecution was terminated in Plaintiff's favor. Plaintiff was innocent of the charge.   Defendants did not have probable cause to initiate the prosecution and, in fact, falsified evidence.   Defendant Troost and/or other HPD employees acted with malice.  Plaintiff suffered economic and emotional damages as a result of the prosecution.

*Count 7 Violation – Intentional Infliction of Emotional Distress*

31.    Defendant Troost intentionally arrested Plaintiff in spite of knowing that he did not have probable cause.  His conduct was extreme and outrageous and Plaintiff reasonably believes his conduct has been repeated numerous times.  Defendant's

---

[6] Again, there may be unnamed HPD employees who participated in this unlawful detention.

*Charron v. Troost, et al* Original Petition                                                                      8

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 8 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 9 of 10

conduct proximately caused Plaintiff emotional distress.  Plaintiff's emotional distress was severe.[7]

## H.  CONDITIONS PRECEDENT

32. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## I.  JURY DEMAND

33.      Plaintiff requests a jury trial and a jury fee has been paid.

## J.  REQUEST FOR DISCLOSURE

34..      Under Texas Rule of Civil Procedure 194, Plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## K.  ATTORNEYS' FEES

35.      Plaintiff pleads for and is entitled to recover her attorneys' fees.

## L.  PRAYER

36.      For these reasons, Plaintiff asks that Plaintiff be awarded a judgment against Defendants for an amount in excess of the minimal jurisdictional limits of this court and pray for actual damages, exemplary damages, court costs, attorneys' fees and all other relief to which Plaintiff is entitled.

---

[7] There may be unnamed defendants who participated in this cause of action.

*Charron v. Troost, et al* Original Petition                                    9

Respectfully submitted,

/s/ *Tom Sanders*

By:    _____

**Thomas Sanders**
State Bar No. 17609900
P.O. Box 1860
Sugar Land, Texas 77487
Tel: (281) 242-9700
Fax:(281) 242-8340
tcsanders76@yahoo.com

**Steven D. Poock**
State Bar No. 00794473
P.O. Box 984
Sugar Land, Texas 77487
Tel: (281) 277-7678
Fax (281) 277-7679
spoock@juno.com

**COUNSEL FOR PLAINTIFF**

For Official Governmental Use Only - Do Not Disseminate to the Public: 77503542 - Page 10 of 10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 28, 2017

Certified Document Number:        77503542 Total Pages:  10

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**